

RECEIVED
BY
JUN 27 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| MONROE FIREFIGHTERS ASSOCIATION, CECIL PERRY JESELINK, TIMOTHY S. DICKERSON, DAVID S. ANTHONY, VERNARD V. ARD, HAROLD ARRANT, ROBERT B. ARRANT, PETER BACLE, RAYMOND D. BATLEY, JASON D. BENNETT, LaDEXTER M. BENNETT, ROOSEVELT BINGHAM JR., DANIEL W. BOOTH, JOSEPH M. BOOTH, BRYAN J. BOUDREAUX, SAMUEL L. BROTHERS JR., JEFF W. BURGIN, JOHN M. CARR JR., JOHN A. CHRISTIAN, DALFORD D. CASH, O'SHA CEASAR, HORACE J. CHERRY JR., KATASHA CHERRY, MICHAEL K. COOK, SABRINA E. COOPER, BRYAN M. DAVIS, ROBERT M. DAVIS JR., DANIEL D. DEAN, MATTHEW D. DELCOURE, ERWIN J. DILLEY, JAMES K. DODD, TRACY L. DOUGLAS, CURTIS W. DUKE, CARL BRANDON DUNN, CARL DEWAYNE DUNN, COURTNEY E. DUNN, THOMAS C. DUPREE JR., ALLEN D. ELLIS II, CHARLES E. ELLIS, DONALD ELMORE, DANIEL T. EZELL, CHARLES M. FINKBEINER, WILLIAM D. FINKBEINER, JASON K. FONTANA, JOHN L. FOSTER, PAUL C. FOSTER, JAMES A. GARY, JOHN W. GREEN, JAMES R. GILBERT, STEVEN D. GILLIAND, CHAD E. GIROD, BRIAN D. GORMAN, BENJAMIN L. GREEN, FREDERICK J. GREER, HOWARD GREER III, IRVIN R. HAMILTON, ANDREW S. HAMPTON, JAMES HARRIS, VIC HARRIS, KENNETH R. HASLEY SR., REGINALD HILL, PATRICK C. HOSTON, KEVIN J. HOWE, SAMUEL W. LIGGIN, CHARLES RICHARD LOCKWOOK JR., JOHN R. JACK, EARL JENKINS JR., JOSEPH D. KEENE, JOSEPH D. KEENE, ROBERT L. KELLY, JOSHUA A. LANE, MARKUS LENARD, RONALD L. LOCKWOOD, WILLIAM E. LOCKWOOD, ORLANDO LOGAN, SCOTT B. LOVELADY, JOHN D. LYONS, LARRY M. MAJOR SR., | CIVIL ACTION NO.<br><br>**3:06cv1092<br>JUDGE JAMES<br>MAG. JUDGE HAYES** |

LARRY D. MAXEY, RALPH MAY,
RANDALL S. McCONAUGHEY,
MARK E. McCONAUGHEY, CHAD A. McGUIRE,
CHARLES E. McGUIRE, DONALD R. McENERY,
MICHAEL E. MEEKS, KENNY M. MENYWEATHER,
MICHAEL E. MIDDLETON, ANTRON J. MITCHELL,
HAROLD B. MOORE, JAMES R. MOORE JR.,
RYAN S. MOORE, BENJAMIN J. MYERS, STEVE NEALY,
BRYAN K. NUGENT, JEFFERY A. OBIER SR.,
DANIEL D. OVERTURF, BOBBY R. PANZICO JR.,
ROBERT G. PARKER, JAMES W. PARROTT,
ERIC L. PAYNE, ROBERT A. PEARSON,
WILLIAM E. PEARSON, DAVID E. PONTHIEUX,
JOHNNY R. POWELL JR., KERRY M. RAY,
RICHIE B. REDDING JR., ELISHA REED,
STACY M. REYNOLDS, JASON L. RICKS,
STACEY R. ROBERTSON, DANIEL D. SATERFIELD,
MICHAEL E. SAVAGE, JASON E. SAVAGE,
MARK S. SAWYER, NEAL SCHMITT,
MICHAEL B. SIMONELLI, JONATHAN P. SNOODY,
JAMES D. SOLLEY, PAUL F. STOPP, YASHAVION D.
STRINGFELLOW, JAMES M. STUCKEY,
SHARON E. SULLIVAN, JAMES A. TATE,
PATRICK W. TELANO, TERRY L. TEMPLE,
SCOTT L. THOMAS, CLAUDE R. THOMPSON,
THORNTON TOLLIVER JR., DANIEL K. TRICHELL,
MONTE F. TRICHELL, PRESTON S. TUBERVILLE,
SHELBY H. TURNER, JASON P. VARNER,
RUSSELL G. WAGONER JR., DANNY R. WALLACE,
JOHN D. WALLACE, RICHARD V. WALLACE,
ROBERT L. WASHAM, HAROLD G. WHITTINGTON,
EDGAR A. WINK, SHANE A. WINK, TERRY L. WINN JR., and
CHRISTOPHER J. ZAMBIC

VERSUS                                                           JUDGE

CITY OF MONROE                                           MAGISTRATE

## COMPLAINT

### (Jury Trial Demanded)

The Monroe Firefighters Association, Carl Perry Jeselink, Timothy S. Dickerson, David S.

Anthony, Vernard V. Ard, Harold Arrant, Robert B. Arrant, Peter Bacle, Raymond D. Batley, Jason D. Bennett, LaDexter M. Bennett, Roosevelt Bingham Jr., Daniel W. Booth, Joseph M. Booth, Bryan J. Boudreaux, Samuel L. Brothers Jr., Jeff W. Burgin, John M. Carr Jr., Dalford D. Cash, O'Sha Ceasar, Horace J. Cherry Jr., Katasha Cherry, John A. Christian, Michael K. Cook, Sabrina E. Cooper, Bryan M. Davis, Robert M. Davis Jr., Daniel D. Dean, Matthew D. Delacoure, Erwin J. Dilley, James K. Dodd, Tracy L. Douglas, Curtis W. Duke, Carl Brandon Dunn, Carl DeWayne Dunn, Courtney E. Dunn, Thomas C. Dupree Jr., Allen D. Ellis II, Charles E. Ellis, Donald Elmore, Daniel T. Ezell, Charles M. Finkbeiner, William D. Finkbeiner, Jason K. Fontana, John L. Foster, Paul C. Foster, James A. Gary, John W. Green, James R. Gilbert, Steven D. Gilliand, Chad E. Girod, Brian D. Gorman, Benjamin L. Green, Frederick J. Greer, Howard Greer III, Irvin R. Hamilton, Andrew S. Hampton, James Harris, Vic Harris, Kenneth R. Hasley Sr., Reginald Hill, Patrick C. Hoston, Kevin J. Howe, John R. Jack, Earl Jenkins Jr., Joseph D. Keene, Joseph D. Keene, Robert L. Kelly, Joshua A. Lane, Markus Lenard, Samuel W. Liggin, Charles R. Lockwood Jr., Ronald L. Lockwood, William E. Lockwood, Orlando Logan, Scott B. Lovelady, John D. Lyons, Larry M. Major Sr., Larry D. Maxey, Ralph May, Randall S. McConaughey, Mark E. McConaughey, Chad A. McGuire, Charles E. McGuire, Donald R. McEnery, Michael E. Meeks, Kenny M. Menyweather, Michael E. Middleton, Antron J. Mitchell, Harold B. Moore, James R. Moore Jr., Ryan S. Moore, Benjamin J. Myers, ,Steve Nealy, Bryan K. Nugent, Jeffery A. Obier Sr., Daniel D. Overturf, Bobby R. Panzico Jr., Robert G. Parker, James W. Parrott, Eric L. Payne, Robert A. Pearson, William E. Pearson, David E. Ponthieux, Johnny R. Powell Jr., Kerry M. Ray, Richie B. Redding Jr., Elisha Reed, Stacy M. Reynolds, Jason L. Ricks, Stacey R. Robertson, Daniel D. Saterfield, Michael E. Savage, Jason E. Saveage, Mark S. Sawyer, Neal Schmitt, Michael B. Simonelli, Jonathan P.

Snoody, James D. Solley, Paul F. Stopp, Yashavion D. Stringfellow, James M. Stuckey, Sharon E. Sullivan, James A. Tate, Patrick W. Telano, Terry L. Temple, Scott L. Thomas, Claude R. Thompson, Thronton Tolliver Jr., Daniel K. Trichell, Monte F. Trichell, Preston S. Tuberville, Shelby H. Turner, Jason P. Varner, Russell G. Wagoner Jr., Danny R. Wallace, John D. Wallace, Richard V. Wallace, Robert L. Washam, Harold G. Whittington, Edgar A. Wink, Shane A. Wink, Terry L. Winn Jr., and Christopher J. Zambic respectfully bring this action alleging violations of the Fair Labor Standards Act, 29 U.S.C. 201 et seq., and, invoking this Honorable Court's supplemental jurisdiction, violations of state law relating to minimum wages and working conditions benefitting firefighters employed by Louisiana municipalities:

## I. JURISDICTION

1. Jurisdiction over this action is conferred on this Court by 29 U.S.C. §216(b) and 28 U.S.C. §1331, this being an action to remedy an employer's violation of the overtime compensation requirements of Section 7(a) and 7(k) of the Fair Labor Standards Act, 29 U.S.C. §§207(a), (k). ("FLSA").

2. Supplemental jurisdiction is further conferred by 28 U.S.C. § 1367 over closely related wage arising under Louisiana state law.

## II. PARTIES

3. The Monroe Firefighters Association ("MFA") is an unincorporated labor organization domiciled in Ouachita Parish. MFA is a party to a collective bargaining agreement ("the Agreement") with the City of Monroe with covers the wages, hours, and working conditions of the classified fire suppression and fire prevention employees of the Monroe Fire Department. It sues herein on behalf of its members.

4. Cecil Perry Jeselink has been employed by the City of Monroe as a Captain at all time relevant to this action. Jeselink is the membership-elected President of the MFA and sues here in both his official and personal capacities.

5. Timothy S. Dickerson has been employed by the City of Monroe as a Captain at all time relevant to this action. Dickerson is also the Secretary-Treasurer of the MFA and likewise sues in his official and personal capacities.

6. Jeselink and the other named individual plaintiffs are employees of the Fire Department of the City of Monroe engaged in fire support and prevention services. They are "employees" as defined in the Fair Labor Standards Act and each is a "fireman" as defined in La. R.S. 23:1991. All Plaintiffs are members of the MFA.

7. The City of Monroe, Louisiana (the "City") is a political subdivision of the State of Louisiana, which as a corporate body can sue and be sued. It is a "public agency" as defined by Section 3(x) of the FLSA, 29 U.S.C. §203(x) and a political subdivision subject to suit under Louisiana law.

### III. STATEMENT OF THE CASE

8. Plaintiffs are or were employed by the City of Monroe within 3 years of the commencement of this action by the City as suppression and fire prevention employees.

9. At all times material to this action, Plaintiffs' positions and duties qualify them as employees who were subject to the overtime provisions of the Fair Labor Standards Act pursuant to 29 U.S.C. §207.

10. Article XVI, Section 1 of the MFA's Agreement with the City states:

> There shall be three (3) work shifts of twenty-four (24) hours

each, commencing at 8:00 a.m. and ending at 8:00 a.m. the following morning. The firefighter work schedule shall require twenty-four (24) hours on duty on one of the three (3) work shifts. The work schedule shall be rotated by the three (3) shifts.

All firefighters shall be on a twenty-one (21) day work cycle beginning on the last Saturday in _____ (sic) at 8:00 a.m. Except as provided herein, each twenty-one (21) day cycle shall stand alone for the purpose of determining hours worked and/or overtime pay earned.

11. Article XVI, Section 1 also states that all work performed in excess of 159 hours in a 21 day period "shall be paid as overtime at the rate of one and one-half (1½) times the employee's hourly rate." This contractual overtime scheme incorporates the so-called Section 7(k) overtime schedule that local governmental employers can institute (in lieu of the traditional 40-hour workweek established in 29 U.S.C. § 201(a) for private sector employees) within any fire service administered by that governmental agency.

12. Plaintiffs routinely work in excess of 159 hours in a 21 day period.

13. Rather than paying Plaintiffs at the one and one-half rate called for by the Agreement and 29 U.S.C. § 207(k), the City pays its fire department employees, including Plaintiffs, a flat unchanging "overtime" payment regardless of actual overtime hours worked and regardless of temporary "step-ups" (i.e. temporary promotions from firefighter to captain), which result in a higher "regular rate" upon which overtime should be calculated. Indeed, fire suppression employees assigned to 40-hour workweek schedules continue to receive the regularly recurring "overtime" payment, despite the fact they neither work in excess of 40 hours in a workweek or over 159 hours in a 21 day work cycle.

14. Sections 7(e)(5), (6) and (7) of the FLSA, 29 U.S.C. §207(e)(5), (6), and (7), exclude from the definition of "regular rate" certain tightly defined overtime premiums, i.e. premium pay for certain hours worked in any day or workweek because such hours are worked in excess of 8 hours

a day or in excess or the maximum workweek; premiums for weekend work; or premiums set by a bargaining agreement or other contract for work outside of established hours. The "overtime" premium paid each Plaintiff does not fall under any of the prescribed statutory exceptions. Therefore, the flat "overtime" premium paid by the City must be included in the Plaintiffs' wages for the purpose of determining their "regular rate" which is the basis for determining overtime for hours worked beyond 159 days in any 21-day work period.

15. Moreover, the overtime rate must be greater than the "regular rate," either a fixed amount per hour or a multiple of the non-overtime rate to qualify under the aforementioned Section 7 exceptions. The premium pad to each Plaintiff does not qualify as an overtime rate. *See*, 29 CFR §778.308, 310.

16. The true "regular rate" upon which overtime should be calculated to each Plaintiff is the combined hourly rate <u>and</u> the fixed "overtime" payment.

17. The City has willfully avoided its overtime pay obligations to the Plaintiffs.

18. The "overtime" addition paid to each plaintiff is in actuality a component of each Plaintiffs' base pay for purposes of Louisiana law. Specifically, when determining the 2% longevity increase mandated by La. R.S. 23: 1992B, the City must include the "overtime" component in the calculable base for determining annual longevity pay increase. The City does not now nor has it ever included this component of pay in the calculable base for determining longevity increases.

19. Moreover, the City does not pay true "time and one-half" on any component of the actual pay received by plaintiffs for non-overtime hours actually worked as required by MFA Agreement.

### IV. CAUSES OF ACTION

20. The City is liable to Plaintiffs for unpaid overtime compensation at a rate of one and one-half times their true regular rate of pay due for those 21 day work cycles in which any Plaintiff worked

in excess of 159 hours, plus an equal amount as liquidated damages, and pre-judgment interest.

21. The City is liable for unpaid longevity pay mandated by La. R.S. 23: 1992(B) with respect to the recurring fixed "overtime" component of the plaintiffs' base pay and legal interest.

22. The City is similarly liable to Plaintiffs' for their attorney fees and costs pursuant to 29 U.S.C. §216(b) with respect to recoveries under the Fair Labor Standards Act.

23. Plaintiffs pray for trial by jury on all causes of action.

24. The petitioners seek a declaration of rights and obligations pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201, affirming their rights under the Agreement.

25. Plaintiffs further requests a mandatory injunction as further relief in support of a declaration in their favor enforcing the overtime payment terms of the Agreement.

**WHEREFORE**, Plaintiffs pray for trial by jury on all causes of action and that this complaint be deemed good and sufficient and after notice and trial are had, that they be awarded the relief and damages as follows:

    a) All unpaid overtime compensation, pursuant to 29 U.S.C. §216(b) for the 3 years of service preceding commencement of this action;

    b) Additional equal amounts as liquidated damages, together with attorney's fees and costs, pursuant to 29 U.S.C. §216(b);

    c) All unpaid 2% longevity increases attributable to the fixed, recurring "overtime" pay component for the 3 years of service preceding commencement of this action;

    d) All legal and equitable relief as this court may deem just.

Respectfully submitted,

_____
Louis L. Robein, Jr. (La. Bar No. 11307)
Christina Carroll (La. Bar No. 29789)
ROBEIN, URANN & LURYE
P.O. Box 6768
2540 Severn Avenue, Suite 400 (70002)
Metairie, LA 70009-6768
Telephone (504) 885-9994
Telecopier (504) 885-9969
E-mail: lrobein@rul-law.com

**PLEASE SERVE:**
City of Monroe, through its City Attorney:
Nanci Summersgill
400 Lea Joyner Expressway
Monroe, LA 7121

F:\APPS\WP51\Laura\MonroeFF629\_Overtime_Pay\p-complaint_4-25-06.wpd