UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **MONROE FIREFIGHTERS ASSOCIATION, ET AL.** | * | **DOCKET NO. 06-1092** |
| **VERSUS** | * | **JUDGE JAMES** |
| **CITY OF MONROE** | * | **MAGISTRATE JUDGE HAYES** |

**REPORT AND RECOMMENDATION**

Before the court is Plaintiffs' Motion to Dismiss defendant's counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6). [doc. # 15]. The motion was referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A). For reasons assigned below, it is recommended that the motion be GRANTED as to the City's claim to the extent that it seeks recovery pursuant to Article VII, Section 14 of the Louisiana Constitution and DENIED to the extent that it seeks recovery under other state laws. It is further recommended that leave to amend be granted prior to dismissal of the constitutional claim so that the City will have an opportunity to correct the deficiency in its constitutional claim, if it can in good faith do so.

On June 27, 2006, numerous firefighters for the City of Monroe and their collective bargaining agent filed the above-captioned suit against the City of Monroe ("the City") for unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.[1] The City answered the complaint on August 30, 2006, and filed a counterclaim against the individual plaintiffs seeking recovery of sums paid for hours not actually worked. (Answer).[2]

---

[1] On January 29, 2007, plaintiffs amended their complaint to add a retaliation claim under the Fair Labor Standards Act, 29 U.S.C. § 215(a)(3). (*See*, 2nd Amend. Compl.).

[2] Defendant has not answered the first or second amended complaints.

The City contends that Article VII, Section 14 of the Louisiana Constitution prohibits the donation of public funds, and that payment to individual plaintiffs for hours not worked constitutes payment of a thing not due. (Answer, ¶ 28).

On March 30, 2007, plaintiffs filed the instant motion to dismiss the counterclaim. Following delays for briefing, the matter is now before the court

### 12(b)(6) Standard

> When considering a motion to dismiss for failure to state a claim, the District Court must take the factual allegations of the complaint as true and resolve any ambiguities or doubts regarding the sufficiency of the claim in favor of the plaintiff, ***Doe v. United States Department of Justice***, 753 F.2d 1092, 1102 (D.C. Cir. 1985) (citations omitted). However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a Motion to Dismiss. See 2A Moore's Federal Practice Para. 12.-07 (2-5) at 12-64 n6 (2d ed. 1991) (collecting cases). Unless it appears "beyond a doubt that the plaintiff can prove <u>no</u> set of facts in support of his claims which would entitle him to relief," the complaint should not be dismissed for failure to state a claim, and leave to amend should be liberally granted. ***Conley v. Gibson***, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

***Fernandez-Montes v. Allied Pilots Association***, 987 F.2d 278 (5th Cir. 1993).

Nonetheless, if a complaint lacks an allegation regarding an essential element to obtain relief (or lacks allegations from which an inference may be fairly drawn), dismissal should be granted. *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (citations omitted).

### Discussion

The Louisiana Constitution states in pertinent part that "[e]xcept as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or

corporation, public or private." La. Const. Art. VII, § 14(A).  In 2006, the Louisiana Supreme Court interpreted the term donation as used in this article to mean "giving something away," a gift, gratuity, or a liberality.  *Board of Directors of Indus. Development Bd. of City of Gonzales, Louisiana, Inc. v. All Taxpayers, Property Owners, Citizens of City of Gonzales*, 938 So.2d 11, 20, (La. 2006).  In other words, the constitutional provision seeks to prohibit a gratuitous alienation of public property.  *Id*.

In crafting its decision, the court disavowed an earlier decision that had focused the constitutional inquiry upon whether the state or a political subdivision had relinquished something of value when it was under no legal obligation to do so.  *Board of Directors of Indus. Development Bd. of City of Gonzales, Louisiana, Inc., supra.*  Rather, the donor's intent is now determinative.  *Id*.  "If gratitude and love, instead of an intent to impose or a desire to remunerate, motivated the donor, the donation is gratuitous . . ."  *Id*. (citation omitted).[3]

In the case *sub judice*, the City has not alleged that its alleged overpayment of the firefighters was motivated by gratuitous intent, an essential element of its constitutional claim. *See, Board of Directors of Indus. Development Bd. of City of Gonzales, Louisiana, Inc., supra*. Accordingly, the City fails to state a claim for relief under Article VII, § 14 of the Louisiana Constitution.  *Campbell, supra.*  Nevertheless, it is possible that the City's deficient allegation

---

[3] In its brief, the City relied upon several attorney general opinions.  However, these opinions predate the Louisiana Supreme Court's reinterpretation of Article VII, § 14 in *Board of Directors of Indus. Development Bd. of City of Gonzales, Louisiana, Inc. v. All Taxpayers, Property Owners, Citizens of City of Gonzales*.  Attorney general opinions rendered since the supreme court decision recognize that many of the Office's earlier opinions have been overruled. *See e.g., In Re: Robert J. Scafidel, Ed.D.*, Opinion No. 06-0328, 2007 WL 731144 (La. A.G. 2/8/07).

may be remedied, and it therefore should be afforded an opportunity to amend its counterclaim to effect same. *See, Conley, supra* (leave to amend shall be freely granted).

The foregoing notwithstanding, the court observes that the City's counterclaim is broad enough to allege a distinct theory of recovery for payment of a thing not due under Louisiana Civil Code Articles 2299-2300. (Answer, ¶ 28). Plaintiff's motion does not address this component of the counterclaim, and to the extent that the City seeks recovery under La.C.C. Arts. 2299-2300, its counterclaim is sufficient to survive a motion to dismiss regardless of the fate of the constitutional claim.

For the reasons stated above,

IT IS RECOMMENDED that Defendant be afforded an opportunity to amend its counterclaim to correct the deficient allegations as identified herein;

IT IS FURTHER RECOMMENDED that, should defendant fail to so amend its counterclaim, Plaintiffs' Motion to Dismiss [doc. # 15] be GRANTED insofar as it seeks dismissal of Defendant, the City of Monroe's counterclaim arising under Article VII, § 14 of the Louisiana Constitution;

IT IS FURTHER RECOMMENDED that Plaintiffs' Motion to Dismiss [doc. # 15] be otherwise DENIED.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of

filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 16th day of May, 2007.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE