RECEIVED
USDC, WESTERN DISTRICT OF LA.
TONY R. MOORE, CLERK
DATE 5/31/09
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| MONROE FIREFIGHTERS ASSOCIATION, ET AL. | CIVIL ACTION NO. 06-CV-1092 |
| VERSUS | JUDGE ROBERT G. JAMES |
| CITY OF MONROE | MAG. JUDGE KAREN L. HAYES |

### MEMORANDUM ORDER

On March 17, 2009, the Court issued a Ruling and Judgment [Doc. Nos. 140 & 141] granting in part and denying in part Defendant City of Monroe's (the "City") third Motion for Partial Summary Judgment [Doc. No. 62] on Plaintiffs' claims of retaliation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. As part of that Ruling, the Court addressed Plaintiffs' allegation that the City has retaliated against them by filing a spurious counterclaim seeking repayment of $980,000.00. [Doc. No. 109, pp. 4, 17 (claim is without "basis in law or fact")]. After reviewing the pleadings in this matter, the Court concluded that, despite having amended their Complaint three times and specifically identifying acts of retaliation, Plaintiffs failed to place the City on notice that they intended to rely on the City's counterclaim to support their retaliation claim. Therefore, the Court held that Plaintiffs could not rely on the City's counterclaim as a basis for its FLSA retaliation claim. [Doc. No. 140, p. 31].

However, the Court stated in a footnote that, "[i]f Plaintiffs can produce evidence that the City was notified through the discovery process that Plaintiffs were asserting the counterclaim as an alleged retaliatory act, then the Court will revisit this issue." [Doc. No. 140, p. 31 n. 11].

On May 4, 2009, more than ten days after Judgment was entered, Plaintiffs filed a Motion for

-1-

Reconsideration [Doc. No. 149] in which they allege that the City was placed on notice of this claim in their May 14, 2007 reply memorandum in support of their Motion to Dismiss [Doc. No. 23]. In that memorandum, Plaintiffs state as follows:

> Defendant attempts to characterize a claimed offset pursuant to the [FLSA] . . . by asserting a counterclaim against 185 of its current and former firefighter employees–blatantly in retaliation for the filing of the suit.

[Doc. No. 23, p. 3].

Plaintiffs cite no rule in support of their motion. However,

> The Federal Rules of Civil Procedure do not provide for a "Motion for Reconsideration" but such motions may properly be considered either a Rule 59(e) motion to alter or amend judgment or a Rule 60(b) motion for relief from judgment. See Kelley v. Price-Macemon, Inc., 992 F.2d 1408 (5th Cir. 1993). A Rule 60(b) motion does not toll the running of time for filing a notice of appeal whereas a timely filed Rule 59(e) motion does. See Fischer v. United States, 759 F.2d 461 (5th Cir.1985); FED. R. APP. P. 4(a). In order to be timely filed, a Rule 59(e) motion must be filed within ten days of the judgment or order of which the party complains. FED. R. CIV. P. 59(e). Motions which are "untimely under Rule 59 must be treated as motions under FED. R. CIV. P. 60(b) . . . .

Hamilton Plaintiffs v. Williams Plaintiffs, 147 F.3d 367, 371 n. 10 (5th Cir. 1998). Under Rule 60(b), the Court "may relieve a party or its legal representative from a final judgment, order, or proceeding" for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b).

In this case, only the first and sixth reasons are potentially applicable. "In determining whether the moving party has established 'excusable neglect' under Rule 60(b)(1) or manifest injustice under Rule 60(b)(6), the district court enjoys considerable discretion. That discretion,

however, is not boundless. In the case of a motion for reconsideration brought under Rule 60(b)(1), for example, if the failure of the party to submit the evidentiary materials in question is attributable solely to the negligence or carelessness of that party's attorney, then it would be an abuse of discretion for the court to reopen the case and to consider the evidence." Lavespere v. Niagara Machine & Tool Works, 910 F.2d 167, 173 (5th Cir. 1990).

Although there has been extensive briefing in this case and Plaintiffs' counsel was well aware of the City's arguments, Plaintiffs failed to point to this reply memorandum until well after Judgment was entered. Further, even after the May 17, 2007 reply memorandum was filed, Plaintiffs amended their Complaint on December 5, 2007, again listed specific acts of retaliation, but failed to identify the City's counterclaim as one of those acts of retaliation. On the same date, December 5, 2007, Plaintiffs issued supplemental responses to the City's discovery requests, which also failed to identify the City's counterclaim as an act of retaliation. Even Plaintiffs' proposed fourth Amended Complaint, submitted on March 19, 2008, failed to identify the City's counterclaim as an act of retaliation.

Under these circumstances, the Court finds that neither excusable neglect nor manifest injustice requires it to amend its prior ruling and judgment. Plaintiffs' Motion for Reconsideration is DENIED.

MONROE, LOUISIANA, this 12th day of May, 2009.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE