RECEIVED
USDC, WESTERN DISTRICT OF LA.
TONY R. MOORE, CLERK
DATE 6/23/09
BY ᴊᴏ

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| MONROE FIREFIGHTERS ASSOCIATION, ET AL. | CIV. ACTION NO. 06-1092 |
| VERSUS | JUDGE ROBERT G. JAMES |
| CITY OF MONROE | MAG. JUDGE KAREN L. HAYES |

## MEMORANDUM ORDER

Pending before the Court is a Motion for Reconsideration of Summary Judgment as to Longevity Offset ("Motion for Reconsideration") [Doc. No. 158] filed by Plaintiffs. The Court has fully reviewed Plaintiffs' Motion for Reconsideration and supporting memorandum and their reply memorandum [Doc. 172], as well as Defendant City of Monroe's ("the City") opposition memorandum [Doc. No. 162].

Because Plaintiffs' Motion for Reconsideration was served more than ten days after the entry of the Court's Memorandum Ruling and judgment [Doc. Nos. 144 & 145], the Court must treat the Motion for Reconsideration as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). *See Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1076 n. 14 (5th Cir. 1994); *Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 347 n. 3 (5th Cir. 1991).

Rule 60(b) provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:"

1

(1) mistake, inadvertence, surprise, or excusable neglect;

. . .

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

. . .

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1), (3), (5)-(6). The Court has reviewed each of these grounds and the arguments of the parties and finds no basis to set aside its previous judgment based on Mayor Jamie Mayo's decision in February 2009 to award 2% annual longevity increases to firefighters with more than twenty-three years of experience, retroactive to January 2009. Accordingly,

IT IS ORDERED that Plaintiffs' Motion for Reconsideration [Doc. No. 158] is DENIED.

MONROE, LOUISIANA, this 22nd day of June, 2009.

                                                              ROBERT G. JAMES
                                                              UNITED STATES DISTRICT JUDGE